Plaintiffs’ motion for reconsideration or rehearing of the opinion filed July 18, 1979 is hereby denied. To explain why they paid for something they already owned, plaintiffs deny they knew their own title was good. This is different from the ordinary purchaser’s claim of ignorance of a defect in a seller’s title. That portion of the opinion which states that plaintiffs had notice of a possible claim the United States did not own the alleys, referring to existing case law, ante at 260-61, 602 F. 2d 354, 356-57, is not to be read as construing the local recording statutes of the District of the Columbia nor as announcing a blanket rule of law for the District regarding constructive notice to bona fide purchasers of land. Rather this statement was to demonstrate that plaintiffs failed to show that the equities supported the extraordinary and rarely granted form of relief which they sought — the lifting of the bar of res judicata. A reading of Fitzhugh v. United States, 40 F. 2d 797 (D.C. Cir. 1930), and Brooks v. Brooks, XXVIII Wash. L. Rptr. 335 (Sup. Ct. D.C. 1900) demonstrates that to say the least there was a possible dispute. Plaintiffs either knowingly disregarded these cases or failed properly to research the title in deciding to pay the fees exacted. "Notice” as used by this court is not intended to be the type of notice which recording statutes speak of but that notice which a prudent person paying money to the government would not disregard.
Plaintiffs failed to show that the equities were in their favor, and, therefore, the extraordinary relief sought by plaintiffs — a lifting of the bar of res judicata — was denied.
A majority of the judges in active service* not having voted for a rehearing en banc, plaintiffs’ motion for that purpose is also denied.
Plaintiffs’ motion to correct the foregoing order was denied November 21, 1979.

 Judges Kunzig and Smith not participating.